## No. 34.

### GOOD INTENT TOW BOAT CO. *v.* SHIP REBUS, MASTERS AND OWNERS.

The captain or master of a foreign ship is liable personally for its obligations.

Though an action for towage is ordinarily one *in rem* and over which Admiralty Courts would ordinarily have exclusive jurisdiction, nevertheless, personal service on the master of a foreign ship in such an action brought in the State Court, will sustain a personal judgment against him.

*E. D. Craig*, attorney for plaintiff, appellee.

*Bentrick Egan*, attorney for defendant, appellant.

His Honor Judge Walter H. Rogers having recused himself, he having been the Judge of the District Court from which the case was appealed, J. H. Kennard, Esq., Attorney at Law, having been requested to assist the Court in determining the question at issue delivered the opinion and decree of the Court in the words and figures following, to wit;

This is a suit for $736 for towage of the Ship Rebus. Prayer of the petition is that "Writs of attachment issue against said Ship Rebus, and that said ship be taken into the custody of the sheriff and that the captain and owners of said ship, be cited personally" and judgment is asked *in solido* against defendants not naming them—except Penderson as master.

Judgment was rendered below as prayed for against "the defendant Captain T. Penderson, and the owners of the Ship

Rebus *in solido,* without the privilege on the property attached."

Upon the authority of the Belfast, 7 Wall 624, and the numerous cases there cited—the doctrine announced in which are fully recognized by our Supreme Court in Haberle vs. Barringer, 29 Ann. 410—we are constrained to hold the judgment of the lower court null and void for want of jurisdiction, the proceedings being one *"in rem"* of which the Admiralty Courts have exclusive jurisdiction.

It is therefore ordered adjudged and decreed, that the judgment of the lower court be avoided and reversed and that plaintiff pay costs of both courts.

Rehearing granted April 25, 1881.

His Honor Judge Frank McGloin delivered the opinion and decree of the Court in the words and figures following, to wit;

In this case, I am of opinion that in as much as citation was asked and had against Peterson, the master of the Ship Rebus, judgment was asked against him, so far as he is concerned, the action is personal. While agreeing with my learned colleague, Judge *ad hoc* that in other respects the action is one *in rem,* I cannot follow him in holding to the same effect as to said Peterson.

Upon the merits, I consider the evidence as preponderating in favor of the plaintiff, and cannot bring myself to reverse the findings of the Court below as to said Peterson.

The ship was a foreign ship, and in this Court, the captain or master, under the law and authority, is liable personally for its contracts and obligations.

My learned brother, who has acted in this case, Vice-Judge Rogers recused, has arrived at a different conclusion on the merits. The consequence under the law is that the judgment appealed from must be set aside as to all defendants but P. Peterson, and as to him, there being a division of opinion the judgment must remain undisturbed.

It is accordingly so ordered, plaintiff to pay costs of the appeal, defendant Peterson to pay costs of the lower court.